UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cv-81246

DUVALL ESPRESSO IP ENFORCEMENT, LLC,
a Florida Limited Liability Company,

        Plaintiff,

v.

DECENT ESPRESSO INTERNATIONAL LTD.,
a Chinese business entity,

        Defendant.
_____/

**JOINT STIPULATION RE. MOTION TO STAY CASE PENDING IPR PROCEEDINGS**

        Plaintiff, DUVALL ESPRESSO IP ENFORCEMENT, LLC ("Duvall LLC" or "Plaintiff") and Defendant, DECENT ESPRESSO INTERNATIONAL LTD. ("Decent Espresso"), hereby jointly stipulate to a stay of this case, subject to this Court's consideration, discretion, and approval, pending the U.S. Patent & Trademark Office's review of Decent Espresso's Petitions for *Inter Partes* Review challenging the validity of the two patents at issue in this case and further state:

        1.    This patent infringement case involves espresso machines. Duvall LLC filed an Amended Complaint against Decent Espresso asserting a single claim for direct infringement of two patents: U.S. Patent Nos. 10,772,456 (the '456 Patent) and 11,576,524 (the '524 Patent) (the "Asserted Patents"). *See* DE 13.

        2.    On September 25 and 26, 2024, Decent Espresso filed with the U.S. Patent Trial & Appeal Board ("PTAB") two petitions for *inter partes* review ("IPR Petitions") directed to the two Asserted Patents in this case, namely the '456 and the '524 Patents.

1

3. On October 8, 2024, Decent Espresso filed a Motion to Stay this Case Pending IPR Proceedings, DE 59, to which it attached copies of the IPR Petitions, DE 59-1 and 59-2.

4. The Court ordered expedited briefing on the Motion to Stay, DE 60.

5. The Parties have conferred extensively concerning the Motion to Stay and Plaintiff stipulates and agrees, subject to the terms of this Joint Stipulation, to provide its consent to the Motion to Stay, which the Parties acknowledge is subject to the Court's consideration, discretion, and approval.

6. Subject to the conditions and stipulations referenced herein, the Parties believe that Plaintiff will not suffer undue prejudice or a tactical disadvantage if a stay is granted pending the PTAB's determination whether to institute IPR proceedings regarding validity of the '456 Patent and the '524 Patent.

7. The Parties further believe that because the IPRs are directed to the two patents Plaintiff asserts in this case, namely, the '456 Patent and the '524 Patent, "[i]f the petitions are ultimately successful and the claims are invalidated, it would remove the need to litigate" this case. *See Intellectual Ventures, LLC v. Motorola Mobility LLC*, No. 13-61358-Civ-Middlebrooks, 2014 WL 12584301 (S.D. Fla. July 17, 2014).

8. Additionally, if the Parties continue to litigate validity issues before this Court and the PTO subsequently finds that some or all the claims at issue here are invalid, "much time and resources will have been wasted by the Court and Parties." *See id*.

9. Alternatively, if the PTO finds that the claims are valid, "the burden on the Court and the jury may be greatly lessened in addressing the invalidity issues, as '[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to

facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Id*.

10. In sum, the Parties agree that staying this case pending IPR proceedings on the conditions and stipulations set forth below, as recognized in this Court's precedent, will not unduly prejudice Plaintiff, will simplify the issues, narrow or eliminate the asserted claims altogether, and streamline trial.

11. As part of this Stipulation, Decent Espresso has agreed to measures requested by Plaintiff to reduce the prejudice to Plaintiff and the time to trial at the expiration of the requested stay.

12. First, Decent Espresso has agreed to withdraw its opposition, DE 58, to Plaintiff's Motion for Leave to Amend and Join Parties, DE 57, if the Court grants the Parties' Joint Motion to Stay.

13. Second, Decent Espresso has agreed that its lawyers will accept service of process on behalf of proposed individual defendants John Buckman and Harriet Harpley, if the Court grants the Parties' Joint Motion to Stay.

14. Third, Mr. Buckman and Ms. Harpley will agree not to challenge personal jurisdiction or venue (but reserve their rights to assert any other Rule 12 defenses that may otherwise be appropriate), if the Court grants the Parties' Joint Motion to Stay.

15. Fourth, Decent Espresso has agreed to respond by November 30, 2024, to Plaintiff's First Request for Production and Interrogatories served on or about September 26, 2024, if the Court grants the Parties' Joint Motion to Stay.

16. Finally, Decent Espresso has agreed, subject to the Court granting the Parties' Joint Motion to Stay, to file an IPR Petition directed to Plaintiff's U.S. Patent No. 11,957,271 (the "'271

Patent"), if at all, on or before February 17, 2025, after which Decent Espresso waives its right to file an IPR Petition challenging the validity of the '271 Patent (without waiving any other rights that Decent Espresso may have to challenge the validity of the '271 Patent).

17. The Parties jointly request that the Court therefore grant the Motion to Stay, DE 59.

**SO STIPULATED BY** on this 17th day of October, 2024 by:

| | |
|---|---|
| */s/ Mark C. Johnson* | */s/ Matthew S. Nelles* |
| Mark C. Johnson | Matthew S. Nelles |
| Florida Bar No. 84365 | Florida Bar No. 009245 |
| MJ@JohnsonDalal.com | matt.nelles@johnsonmartinlaw.com |
| Johnson Dalal | Perry S. Clegg (admitted pro hac vice) |
| 111 N. Pine Island Road, Suite 105 | perry.clegg@johnsonmartinlaw.com |
| Plantation, Florida 33324 | Johnson & Martin, P.A. |
| Telephone: (954) 507-4500 | 500 West Cypress Creek Rd., Suite 430 |
| | Ft. Lauderdale, FL 33309 |
| | T: 954-790-6690 |
| | D: 954-790-6698 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |